IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:06CR59 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ELIZABETH FLOOD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Petition for Action on Conditions of Pretrial Release (Filing No. 19), as amended (Filing No. 21). On March 2, 2006, defendant Elizabeth Flood (Flood), was ordered released upon conditions pending trial (Filing No. 8). Flood was to reside in Omaha, Nebraska, and comply with other conditions of release. On April 27, 2006, Pretrial Services Officer Todd M. Beacom submitted a Petition for Action on Conditions of Pretrial Release alleging Flood had violated the conditions of her release by failing to report to Pretrial Services and by failing to appear for drug testing. A warrant for Flood's arrest was issued. The Petition was amended on May 4, 2006, alleging a further violation that Flood failed to report for substance abuse treatment screening (Filing No. 21).

Flood appeared before the undersigned magistrate judge on May 4, 2006. She was represented by Glenn A. Shapiro and the United States was represented by Special Assistant U.S. Attorney Thomas J. Kangior. After being advised of the nature of the allegations, her rights, and the consequences if the allegations were found to be true, Flood admitted the allegations of the petition. The court finds the allegations of the petition are generally true and finds the defendant has violated the conditions of her release.

The court took judicial notice of a Violation Report from Pretrial Services. After providing both parties an opportunity for allocution as to disposition and considering the

report of Pretrial Services, I find the Order Setting Conditions of Release should be continued in effect. Flood is released from custody and shall comply with the conditions of her release including an intensive outpatient drug abuse treatment program.

This matter is further before the court on the motion to continue by defendant Flood. Flood seeks a continuance of the trial of this matter now scheduled for May 9, 2006. Mr. Kangior had no objection to the motion. Flood has submitted an affidavit in accordance with paragraph 9 of the progression order whereby Flood consents to the motion and acknowledges she understands the additional time may be excludable time for the purposes of the Speedy Trial Act. Upon consideration, the motion is granted.

Trial of this matter is rescheduled for **June 6, 2006,** before Judge Laurie Smith Camp and a jury. The ends of justice have been served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. The additional **time** arising as a result of the granting of the motion, i.e., the time between **May 4, 2006 and June 6, 2006,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that defendant's counsel requires additional time to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

**IT IS SO ORDERED.**

DATED this 4th day of May, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge